THE INHABITANTS OF THE TOWNSHIP OF WOODBRIDGE

*v.*

CHARLES T. INSLEE.

An injunction-bill filed by a township alleged that in 1876, one W., owning a lot fronting on a highway in the township, excavated a part of the lot adjoining the highway and also a part of the highway itself, for the purpose of obtaining pottery clay, and left the highway in a very unsafe condition; that, in 1880, W. sold the premises to the defendant, who was afterwards notified to fill up the excavations. The bill also contained some allegations as to other excavations made by the defendant, but they were uncertain and insufficient. —*Held*, that no ground for relief in equity was shown.

Bill for relief. On general demurrer.

*Mr. A. H. Strong*, for demurrant.

*Mr. E. Cutter,* for complainants.

THE CHANCELLOR.

The bill states that, in or about February, 1876, William Inslee was the owner of a lot of land, of about eleven and a half acres, having a frontage of eight chains and eighty links on the easterly side of a public highway, in the township of Woodbridge; that he then began to make excavations along his line in the highway in front of that property for the purpose of digging out and removing certain deposits of merchantable clay lying beneath the surface of the highway there; that the highway in front of his land was one chain and thirteen links wide; that he only partly filled up the excavations which he made, and left them to remain about twelve feet deep, and for about a year and a half afterwards continued to make such excavations both in the highway and on his adjoining land; that at the end of that period he had made an extensive one, about twenty-three feet wide, twelve feet deep and two hundred and fifty feet long in the highway and on his land adjoining, but mainly in the former; that the excavation was made without authority and under the pretence that it would be at once filled up and the road restored to its original condition, and through the fraud and neglect of the overseer of the road district in which that part of the highway was, the encroachment was not prevented; that by reason of the excavation, which was to a great extent in the part of the highway used for travel, the road was greatly obstructed; that on or about January 31st, 1880, William Inslee conveyed the land to Charles T. Inslee, the defendant; the excavation then still remaining as last above stated, and that the latter has ever since been in possession of the land; that William Inslee before, and the defendant after that conveyance, were frequently notified by the overseer of the road district to fill up the excavation and restore the road to its former condition; that on the 18th of October, 1880, written notice to that effect was given to the defendant; that after service of that notice he did partially restore the highway but did not do so fully, and in that year and the year following he made further and other excavations in the

Inhabitants of Woodbridge v. Inslee.

highway in front of his land, and piled up there large quantities of clay, earth, stones &c., which were allowed to remain there, so that the highway was greatly obstructed thereby, and he also, in digging clay on his land, made an excavation there (on his land) of about twenty feet deep, extending about two hundred feet southerly of that before mentioned, and it was so close to the line of the road that the side of the latter caved into the excavation for want of support; that on the 24th of July, 1882, the complainants caused the overseer of the road district to notify him to remove immediately the heaps of clay &c. he had put in the highway, and to fill up the excavation and restore the highway to its original condition, and for the future to desist from encroaching on the highway and from removing the earth so close to it as to endanger its caving in, and that after the service of that notice he partly removed the piles of clay &c. and partly restored the highway, and promised to comply at once with the requirements of the notice, but although he might have done as he promised, he has not done so.

The bill further states that a part of the excavation made by William Inslee in the highway still remains; that it is of a triangular form, about one hundred and twenty feet long, along the easterly side of the road, and about one hundred and twenty-two feet on the westerly side of the excavation, twenty-three feet wide at the base, or southerly side, and gradually slopes from the surface of the road, at the northerly end, to a depth of twelve feet at the southerly end; that it is used by the defendant, and has been, ever since he got his land, as a roadway to and into the clay pits thereon; that the highway still continues to be obstructed by a pile of clay eighty feet long, six feet high, and about twelve feet wide, piled up along the side of the highway, just north of the excavation, and extending into it, stored there until sale, and by a pile of earth four feet high extending out from the defendant's land about three feet into the highway for a distance of about sixty-six feet, and that in some places there is danger that the side of the highway will cave into the excavation made by the defendant on his land; that the highway, by reason of the existence of the excavation and the piles of clay &c., is

greatly obstructed, to the great danger and common nuisance of all the people of the township passing over it; that there are no fences or railings along the side of the excavation in the highway, and that by reason thereof the highway is rendered dangerous to travelers, and that the part of the road which has been restored has been made higher than it was originally and higher than the rest of the road is, so that ditches cannot be constructed along the road on the side adjoining the defendant's land, and the surface-water which formerly ran into the ditches is caused to flow across and in the middle of the road, which is greatly damaged thereby. The bill further states that the defendant is still digging clay on his land, and the complainant fears that other and similar encroachments and obstructions will be made or placed in the highway, and that the defendant will continue to remove the earth close to the line of the road, as he has already done and threatens to do. It charges that he claims a right to encroach upon and obstruct the highway for the purpose of removing the deposits of clay therefrom, and from his land, and to pile clay &c. thereon. It denies his right, and charges that the complainants cannot fill up the excavations and remove the piles of clay &c. without great expense, and that were they to attempt it the defendant would probably resist them with violence. It sets forth the responsibility of the complainants in regard to the condition of the road, and prays that the defendant may be directed to fill up the excavation in the road, and remove the piles of clay &c., and put the highway in the same condition it was in before the excavation and obstructions, and that he may be enjoined from further encroaching upon, obstructing or interfering with the highway, and from excavating on his land so close to it as to render it unsafe, or to cause the road to cave in. There is also the general prayer for relief. The defendant has filed a general demurrer.

Though this court undoubtedly has jurisdiction to redress the injury of public nuisance, yet it is clearly established that it will not interfere where the object sought can be as well attained in the ordinary tribunals. *Atty.-Gen.* v. *N. J. R. R. Co.*, *2 Gr. Ch. 136; Jersey City* v. *City of Hudson, 2 Beas. 420; M. & E. R. R. Co.* v. *Prudden, 5 C. E. Gr. 530; Atty.-Gen.* v. *Brown,*

*9 C. E. Gr. 89.* A municipal corporation, charged with the care of the highways, may maintain suit to protect them against threatened injury. *Township of Greenwich* v. *E. & A. R. R. Co., 9 C. E. Gr. 217 ; S. C. on appeal, 10 C. E. Gr. 565.*

It is quite obvious that no relief can be granted in this suit for or in respect to the injury to the highway in question done by the excavation made by William Inslee, the defendant's grantor. It appears that in October, 1880, the overseer of the road district notified the defendant to fill up that excavation, and that he did accordingly partly restore the road to its original condition ; but there neither was nor is any obligation upon him to comply with that requirement. The bill states, however, that after that notice he himself made further and other excavations in the highway, but the extent of them does not appear. It is stated that after a notice given to him in July, 1882, he partly restored the highway. Whether he did not fill up all the excavation therein which he himself had made does not appear. It does appear, however, that the excavation in the highway complained of in the bill as still remaining, is a part of that which was made by William Inslee, and it would therefore seem that the defendant has filled up all the excavation made by him in the road. It is said that he excavated on his land so close to the line of the road that he thus caused the side of the road to fall in for want of the support of his adjoining land. But to what extent the highway was thus injured does not appear, and, besides, that injury had been done when the bill was filed. The bill states that the defendant threatens to continue to remove the earth on his land close to the line of the road, but it is not stated that he threatens to remove it so close as to endanger the road. For such a threatened injury there would, in a proper case, be a preventive remedy in equity, but the bill must contain the necessary averments on that head ; otherwise it cannot be sustained on demurrer. There is an adequate remedy in the ordinary tribunals for the obstruction of the piles of clay &c. It may be added that there does not appear to be any necessity for recourse to equity. The excavation made by William Inslee has existed since 1876, five years before the bill was filed, and it would seem

that the piles of clay &c. complained of were placed in the road some months before this suit was begun. It is not even averred that there is any need of immediate relief. Notwithstanding the excavation and obstructions, the road has been used by the public, and, so far as the bill shows, with safety. It follows, from what has been said, that the demurrer must be allowed.